United States District Court
for the
Southern District of Florida

| United States of America, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 17-60550-Civ-Scola |
| | ) | |
| Jean-Philippe Boursiquot and others, Defendants. | ) | |

**<u>Order on Report and Recommendation and Permanent Injunction</u>**

This matter was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a report and recommendation (ECF No. 57) on the Government's Second Motion for Rule 37 Sanctions (ECF No. 52). On April 4, 2018, Judge Otazo-Reyes issued a Report, recommending that the Court enter a permanent injunction against Defendants B&C Royalty Multi-Services, Inc., and RBS Flamboyant Solutions, Inc. (the "Corporate Defendants"). (Magistrate's Report, ECF No. 83.) No objections have been filed and the time to object has passed. Having considered Judge Otazo-Reyes's Report, the record, and the relevant legal authorities, the Court **affirms and adopts** Judge Otazo-Reyes's report and recommendation (**ECF No. 83**) and **grants** the Government's motion (**ECF No. 52**). Accordingly, the Court finds as follows:

1. The United States filed a Complaint (ECF No. 1) for a permanent injunction under 26 U.S.C. §§ 7402(a), 7407, and 7408, and disgorgement under 28 U.S.C. § 7402(a) against Jean-Philippe Boursiquot, B&C Royalty Multi-Services, Inc., Roberton Boursiquot, and RBS Flamboyant Solutions, Inc.
2. For the purposes of this permanent injunction, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).
3. The United States filed its Second Motion for Sanctions (ECF No. 52) on February 1, 2018, which sought entry of default judgment against Jean-Philippe Boursiquot, B&C Royalty Multi-Services, Inc., Roberton Boursiquot, and RBS Flamboyant Solutions, Inc., as to Counts I through III of the Complaint.
4. On April 2, 2018, Magistrate Judge Alicia M. Otazo-Reyes granted the United States's Second Motion for Sanctions in part as to the Corporate Defendants. (Order, ECF No. 79.)

5. For purposes of the permanent injunction against the Corporate Defendants, the Court holds that the allegations in the Complaint are deemed admitted.
6. The Corporate Defendants further understand and agree that:
    a. The permanent injunction will be entered under Federal Rule of Civil Procedure 65.
    b. They waive any right they might have to appeal the permanent injunction;
    c. If they violate the permanent injunction, they may be subject to civil and criminal sanctions for contempt of court; and,
    d. In addition to the specific directives in the permanent injunction, the Corporate Defendants have an obligation to preserve all pertinent documents in their possession, including tax returns, informational returns, correspondence, working papers, or any other documents connected to their tax preparation activities, whether stored electronically or on paper, as required by the Internal Revenue Code.

**It is hereby ordered** pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408 that the Corporate Defendants, doing business as or through any entity, and anyone acting in concert or participation with them are **permanently enjoined** from, directly or indirectly:
1. Preparing, filing, directing, or assisting the preparation or filing of federal tax returns, amended returns, or other related documents or forms, including any electronically submitted tax returns or tax-related documents, for any person or entity other than themselves;
2. Preparing or assisting in the preparation of federal tax returns, amended returns, or other related documents or forms that they know will result in the understatement of federal tax liabilities or the overstatement of federal tax refunds;
3. Receiving fees or remuneration from any tax return preparation business;
4. Owning, operating, controlling, licensing, or consulting with any tax return preparation business;
5. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701; and,
6. Engaging in any fraudulent or deceptive conduct that substantially interferes with the proper administration and enforcement of the Internal Revenue Code.

**It is further ordered** that any Preparer Tax Identification Numbers (PTIN) and/or Electronic Filing Identification Numbers (EFIN) held by, assigned to, or used by the Corporate Defendants may be immediately revoked without any further proceedings.

**It is further ordered** that, within **30 days** of entry of this permanent injunction, the Corporate Defendants shall:

1. Contact, by regular mail or email, all persons for whom they have prepared a federal tax return since January 1, 2013, to inform them of the permanent injunction entered against the Corporate Defendants and provide those persons with a copy thereof (but including no other documents or enclosures unless agreed to by counsel for the United States or approved by the Court), and file with the Court a sworn certificate stating that they have complied with this requirement; and
2. Produce to counsel for the United States a list of all persons for whom they prepared federal income tax returns or claims for refund since January 1, 2013, including names, social security numbers, addresses, email addresses, telephone numbers, and all relevant tax periods.

**It is further ordered** that the United States is allowed full post-judgment discovery to monitor compliance with this permanent injunction.

**It is further ordered** that the Court will retain jurisdiction over Counts I, II, and III with respect to the Corporate Defendants for the purpose of implementing and enforcing the permanent injunction and any additional orders necessary and appropriate to the public interest, and retain jurisdiction over Count IV with respect to the Corporate Defendants for all matters.

Accordingly, the **Clerk of the Court** is **directed** to enter final judgment against Defendants B&C Royalty Multi-Services, Inc., and RBS Flamboyant Solutions, Inc. as to Counts I, II, and III of the Complaint. Count IV remains pending.

**Done and ordered** in chambers, at Miami, Florida, on May 1, 2018.

_____
Robert N. Scola, Jr.
United States District Judge