United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-60550-Civ-Scola |
| | ) |
| Jean-Philippe Boursiquot and | ) |
| others, Defendants. | ) |

### Order on Motions for Entry of Consent Judgment and Permanent Injunction as to Defendant Roberton Boursiquot

This matter is before the Court upon Plaintiff United States of America and Defendant Roberton Boursiquot's motions for entry of a consent judgment as to Count IV of the complaint (ECF No. 135) and a permanent injunction as to Counts I, II, and III of the complaint (ECF No. 140). The Court hereby **grants** the parties' motions (**ECF Nos. 135, 140**).

First, the Court construes the parties' filed consent judgment (ECF No. 135) as a motion to approve the Plaintiff and Defendant Roberton Boursiquot's agreement as to Count IV. The Court hereby affirms that parties have agreed that judgment should be entered against the Defendant as to Count IV in the amount of $100,000.00 and approves of their agreement.

The parties also seek the entry of a permanent injunction in this matter against the Defendant for Counts I, II, and III. Based on the record and the parties' consent, the Court hereby finds as follows:

1. The United States of America filed a complaint (ECF No. 1) for permanent injunction under 26 U.S.C. §§ 7402(a), 7407, and 7408 and other relief against the Defendants in this matter.
2. For the purposes of this permanent injunction, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).
3. The Defendant waives the entry of findings of fact and conclusions of law under Federal Rules of Civil Procedure 52 and 65(d); consents to entry of this permanent injunction; and agrees to be bound by its terms.
4. The Defendant further understands and agrees that:
    a. The permanent injunction will be entered under Federal Rule of Civil Procedure 65;

    b. The Defendant waives any right he might have to appeal the permanent injunction;
    c. The parties will bear their own costs, including any attorneys' fees or other expenses of this litigation;
    d. The Court will retain jurisdiction over Counts I, II, and III for the purpose of implementing and enforcing the permanent injunction;
    e. If the Defendant violates the permanent injunction, he may be subject to civil and criminal sanctions for contempt of court;
    f. In addition to the specific directives in the permanent injunction, the Defendant has an obligation to preserve all pertinent documents in his possession, including tax returns, informational returns, correspondence, working papers, or any other documents connected to his tax preparation activities, whether stored electronically or on paper, as required by the Internal Revenue Code.
    g. The United States may conduct full post-judgment discovery to monitor compliance with the permanent injunction; and
    h. Entry of the permanent injunction resolves only this civil action, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes the Defendant from contesting his liability in any other matter or proceeding.

**It is hereby ordered** pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408 that Defendant Roberton Boursiquot and anyone acting in concert or participation with him are **permanently enjoined** from, directly or indirectly:

1. Preparing, filing, directing, or assisting the preparation or filing of federal tax returns, amended returns, or other related documents or forms, including any electronically submitted tax returns or tax-related documents, for any person or entity other than himself;
2. Preparing or assisting in the preparation of federal tax returns, amended returns, or other related documents or forms that he knows will result in the understatement of federal tax liabilities or the overstatement of federal tax refunds;
3. Receiving fees or remuneration from any tax return preparation business with respect to federal tax returns related to tax year 2017 and future years;
4. Owning, operating, managing, working in, controlling, licensing, or consulting with any tax return preparation business that prepares federal tax returns related to tax year 2017 and future years;

5. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701; and
6. Engaging in any fraudulent or deceptive conduct that substantially interferes with the proper administration and enforcement of the Internal Revenue Code.

**It is further ordered** that the United States is authorized to revoke, without any further proceeding, any Preparer Tax Identification Numbers (PTIN) and/or Electronic Filing Identification Numbers (EFIN) held by, assigned to, or used by Defendant Roberton Boursiquot.

**It is further ordered** that the United States is allowed full post-judgment discovery to monitor compliance with the permanent injunction.

**It is further ordered** that the Court will retain jurisdiction over Counts I, II, and III for the purpose of implementing and enforcing the permanent injunction and any additional orders necessary and appropriate to the public interest.

**Done and ordered** in chambers, at Miami, Florida, on August 8, 2018.

_____
Robert N. Scola, Jr.
United States District Judge