**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-60550-CIV-SCOLA/OTAZO-REYES**

UNITED STATES OF AMERICA,

          Plaintiff,

v.

 JEAN-PHILIPPE BOURSIQUOT, *et al.*,

          Defendants.

_____/

**REPORT AND RECOMMENDATION AND**
**CERTIFICATION OF FACTS CONSTITUTING CONTEMPT**

THIS CAUSE came before the Court upon the government's Motion for Order to Show Cause requesting that Defendant Jean-Philippe Boursiquot ("Defendant" or "Boursiquot") be held in contempt for violating the Court's permanent injunction entered against him (hereafter, "Motion for Contempt") [D.E. 147].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 148].   The undersigned held show cause hearings on this matter on January 14, 2021 and March 10, 2021 (hereafter, "January 14, 2021 Show Cause Hearing" and "March 10, 2021 Show Cause Hearing") [D.E. 155, 163].  For the reasons stated below, the undersigned respectfully recommends that the Motion for Contempt be GRANTED IN PART.

## I.  BACKGROUND FACTS

On August 8, 2018, the Court entered a Permanent Injunction enjoining Boursiquot, *inter alia,* from directly or indirectly:

1.  Preparing, filing, directing, or assisting the preparation or filing of federal tax returns, amended returns, or other related documents or forms, including any electronically submitted tax returns or tax-related documents, for any person or entity other than himself;

2. Preparing or assisting in the preparation of federal tax returns, amended returns, or other related documents or forms that he knows will result in the understatement of federal tax liabilities or the overstatement of federal tax refunds;

3. Receiving fees or remuneration from any tax return preparation business with respect to federal tax returns related to tax year 2017 and future years; and

4. Owning, operating, managing, working in, controlling, licensing, or consulting with any tax return preparation business that prepares federal tax returns related to tax year 2017 and future years.

See Order on Motions for Entry of Consent Judgment and Permanent Injunction as to Boursiquot (hereafter, "Permanent Injunction") [D.E. 141 at 2–3]. The Court also authorized the government "to revoke, without any further proceeding, any Preparer Tax Identification Numbers (PTIN) and/or Electronic Filing Identification Numbers (EFIN) held by, assigned to, or used by Defendant Jean-Philippe Boursiquot." Id. at 3.

On November 19, 2020, the Government filed the Motion for Contempt contending that Boursiquot had violated the Permanent Injunction by preparing the 2019 tax returns of 56 individuals and earning $14,220 for his services. See Mot. for Contempt [D.E. 147 at 4]. The government supported this assertion with the declaration of its investigator, Jose Gonzalez ("Investigator Gonzalez") (hereafter, "Gonzalez Decl."). See Mot. for Contempt [D.E. 147 at 4]; Gonzalez Decl. [D.E. 147-1].

In his declaration, Investigator Gonzalez averred that:

- On June 25, 2020, he spoke with George Jean-Mary (hereafter, "Jean-Mary"), the co-owner of G & E Global Services, Corp., a tax preparation business, who stated that Boursiquot requested the use of his PTIN because "[Boursiquot] had a fall-out with another preparer and was working on getting his paperwork together."

- Jean-Mary stated that Boursiquot used Jean-Mary's PTIN to prepare the 2018 and 2019 tax returns of Boursiquot's personal clients; and that, as part of this arrangement, Jean-Mary kept 30% of the fee deducted from a customer's refund, and paid the remaining 70% over to Boursiquot in cash.

- On October 26, 2020, Investigator Gonzalez received a handwritten list of customer names from the government, which had been provided to it by Jean-Mary after his deposition in this matter (hereafter, "List"). The List contained the names of 56 customers who purportedly had their 2019 tax returns prepared by Boursiquot and the amount of their respective refunds. See Ex. A. to Gonzalez Decl. [D.E. 147-2].

- Mr. Gonzalez attempted to interview 33 of those 56 individuals.

- Mr. Gonzalez was only able to interview 11 of the 33 individuals.

- "All eleven individuals stated that Jean-Philippe Boursiquot personally prepared, or assisted or directed the preparation of their 2019 US Individual Tax Return in 2020."

- Those individuals were unaware how much Boursiquot charged for his services.

See Gonzalez Decl. [D.E. 147-1 at 1–3].

These matters were presented by the government at the January 14, 2021 Show Cause Hearing. Because the assertions from the eleven individuals reported by Investigator Gonzalez constitute inadmissible hearsay and the List was devoid of any supporting documentation, the undersigned deemed that evidence insufficient to support a contempt finding. Moreover, Defendant had filed a declaration denying that he had prepared tax returns since the issuance of the Permanent Injunction. See Decl. of Jean-Philippe Boursiquot [D.E. 153-1]. Therefore, the undersigned continued the matter, affording the government an additional opportunity to secure and submit sworn testimony from individuals who claimed Boursiquot prepared tax returns for them in further support of the Motion for Contempt.

At the March 10, 2021 Show Cause Hearing, the government explained that it had been able to serve subpoenas on 6 of the 11 individuals with whom Investigator Gonzalez had previously spoken: Desiree M. Demaio, Rochelle Smith, Bridget C. Janots, Linda Collins, Jona Jackson, and Marallis Burgess. Of these individuals, four stated under oath that Boursiquot had prepared their 2018 and 2019 tax returns. See Decl. of Desiree M. Demaio ("Ms. Demaio") [D.E. 158]; Dep. of Rochelle Smith ("Ms. Smith") [D.E. 160]; Dep. of Bridget C. Janots ("Ms. Janots")

[D.E. 161]; Dep. of Linda Collins ("Ms. Collins") [D.E. 162].   A fifth individual, Jona Jackson, averred that Boursiquot had prepared her tax returns prior to 2018 but declined to prepare her 2018 tax return.  See Decl. of Jona Jackson [D.E. 154-1 at 1–2] (filed by Defendant).  Moreover, the government conceded at the March 10, 2021 Show Cause Hearing that the sixth individual, Marallis Burgess, testified at his deposition that Jean-Mary and not Boursiquot had prepared his taxes.

Boursiquot was given the opportunity but declined to testify at the March 10, 2021 Show Cause Hearing.

## II.  CERTIFICATION OF FACTS ESTABLISHING CONTEMPT OF COURT

Pursuant to 28 U.S.C. § 636(e), the undersigned makes the following findings of fact, which have been proven by clear and convincing evidence, and which are certified to the Court as establishing Boursiquot's contempt of court.

1.     Boursiquot prepared Ms. Demaio's 2018 and 2019 federal tax returns, but she was unaware how much he charged her for his services.  See Decl. of Desiree M. Demaio [D.E. 158 at 1].

2.     Boursiquot prepared Ms. Smith's 2018 and 2019 federal tax returns and charged her $500 for each tax year.  See Dep. of Rochelle Smith [D.E. 160 at 4-7].

3.     Boursiquot prepared Ms. Janots' 2018 and 2019 federal tax returns.  See Dep. of Bridget C. Janots [D.E. 161 at 14-16, 20].

4.     Boursiquot prepared Ms. Collins' 2018 and 2019 federal tax returns, but she could not recall how much he charged her for his services.  See Dep. of Linda Collins [D.E. 162 at 9-12].

### III.  FINDINGS

Based on the foregoing Certified Facts, the undersigned finds, by clear and convincing evidence, that Boursiquot violated the explicit terms of this Court's August 8, 2018 Permanent Injunction by preparing Ms. Demaio, Ms. Smith, Ms. Janots, and Ms. Collins' 2018 and 2019 federal tax returns.  See Permanent Injunction [D.E. 141 at 2–3].

The Court's power to find Boursiquot in civil contempt for disobeying its order stems from the Court's inherent power to enforce compliance with its lawful orders.  See United States v. Barnette, 129 F.3d 1179, 1182 n.7 (11th Cir. 1997) (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991)); Popular Bank of Fla. v. Banco Popular De Puerto Rico, 180 F.R.D. 461, 465 (S.D. Fla. 1998) ("The court's power to enforce compliance with its lawful orders is inherent.").  Under the circumstances of this case, the undersigned recommends as the appropriate sanction for Boursiquot's contemptuous conduct, and to deter him from further contemptuous conduct, the imposition of a  $500 fine for each person for whom he prepared tax returns as found above, resulting in a total fine of $2,000. The undersigned further recommends that the government be awarded its reasonable attorneys' fees and costs incurred in the investigation of Boursiquot's conduct and the prosecution of the Motion for Contempt.

### IV.  CONCLUSION

Based on the foregoing factual findings and legal authorities, the undersigned respectfully **RECOMMENDS** that the government's Motion for Contempt [D.E. 147] be **GRANTED IN PART**.

The undersigned further **RECOMMENDS** that the Court: 1) enter an Order holding Boursiquot in civil contempt for violating the Permanent Injunction [D.E. 141]; 2) impose on Boursiquot a contempt fine of $2,000; 3) award the government the reasonable attorneys' fees and

costs incurred in the investigation of Boursiquot's conduct and the prosecution of the Motion for Contempt; and 4) direct the government to file a statement of reasonable fees and costs in accordance with Rule 7.3 of the Southern District of Florida's Local Rules.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  <u>See</u> <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this <u>24th</u> day of March, 2021.


ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via <u>CM/ECF</u> to:

United States District Judge Robert N. Scola, Jr.
Counsel of Record