United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 17-60550-Civ-Scola ) |
| Jean-Philippe Boursiquot and others, Defendants. | ) ) |

### Order Adopting In Part Report and Recommendations

The Court referred the government's motion for order to show cause to United States Magistrate Judge Alicia Otazo-Reyes for a report and recommendation. After two show cause hearings, Judge Otazo-Reyes issued a report and recommendation, recommending that the Court grant the government's motion in part and deny in part, finding that the Defendant Jean-Phillippe Boursiquot had violated this Court's August 18 permanent injunction, and recommending sanctions against the Defendant (R. & R., ECF No. 164.) No objections to the report and recommendation have been filed by either party and the time to do so has passed. The Court has considered—de novo—Judge Otazo-Reyes's report, the record, and the relevant legal authorities. The Court finds Judge Otazo-Reyes's report and recommendation cogent and compelling. The Court **adopts in part** the report (**ECF No. 164**) and **grants in part and denies in part** the government's motion (**ECF No. 147**) as follows.

1. **Background**

On August 8, 2018, the Court entered a permanent injunction against Boursiquot, enjoining him from directly or indirectly preparing or filing federal tax returns for any person other than himself, receiving fees from any tax return preparation related to taxes from 2017 and future years, and from owning or operating any tax preparation business. (Permanent Injunction, ECF No. 141.)

On November 30, 2020, the government filed a motion for an order to show cause and for a finding of civil contempt for violation of the permanent injunction. (Gov. Mot. for Order to Show Cause, ECF No. 147.) In support of its motion, the government cites to the sworn declaration of investigator Tony Gonzalez and contends that it continued monitoring Boursiquot and learned that Boursiquot prepared 2019 tax returns for several individuals. (Decl. Tony

Gonzalez, ECF No. 147-1.) Mr. Gonzalez attests that he spoke with Ettory Jean-Mary who stated that he had entered into a business agreement with Boursiquot. Jean-Mary allowed Boursiquot to use his preparer tax identification number and business name and location to prepare 2018 and 2019 tax returns, in exchange Jean-Mary received 30% of Boursiquot's profits. (ECF No. 147-1 ¶¶ 5, 8.) At the government's request, Jean-Mary provided a list of 56 individuals who purportedly had their 2019 tax returns filed by Boursiquot. (*Id.* ¶ 10; Customer List, ECF No. 147-2.) The customer list indicated that the total amount of fees charged by Jean-Mary's business for the 56 tax returns was $20,315.25. (*Id.*) Boursiquot kept 70% of that amount or $14,220.00 (ECF No. 147 at 4.) Eleven of those customers spoke to Mr. Gonzalez and all stated that Boursiquot prepared their 2019 federal tax returns in exchange for a preparation fee that was deducted from the tax refunds. (ECF No. 147-1 ¶¶ 13, 14.)

Boursiquot, represented by counsel, responded to the government's motion and denied that he had violated the terms of the permanent injunction. (Boursiquot Resp., ECF No. 153 at 1.) In his sworn declaration, Boursiquot states that he referred any previous clients for which he prepared tax returns for to George Jean-Mary (brother of Ettory Jean-Mary). Boursiquot also submitted the declaration of Jona Jackson, one of the persons interviewed by the government investigator, in which she attests that Boursiquot prepared her taxes prior to 2018 and that in 2018, he did not prepare her taxes and referred her to George Jean-Mary. (Decl. Jona Jackson, ECF No. 154-1.)

On January 14, 2021, Judge Otazo-Reyes held a show cause hearing during which she found that the government had not met its burden of showing a violation of the permanent injunction. (ECF No. 164 at 3.) Judge Otazo-Reyes explained that the government's motion was based entirely on the hearsay statements and continued the hearing to allow the government to submit sworn testimony from individuals who claimed Boursiquot prepared their tax returns.

At the continued show cause hearing on March 10, 2021, the government explained that it served subpoenas on six individuals out of the original eleven the government spoke to. Of these six, Desiree M. Demaio, Rochelle Smith, Bridget Janots, and Linda Collins stated under oath, in an affidavit and at depositions, that Boursiquot prepared their federal tax returns for 2018 and 2019. (ECF Nos. 158, 161, 162.) In her affidavit, Ms. Demaio attests that in "2019, I met Phil in person, and I provided my 2018 W-2 statements," and in "2020, I emailed Phil my W-2s, and he was able prepare my 2019 tax return because he had all the information that I previously provided." (Aff. Desiree Demaio, ECF No. 158). Ms. Smith testified in a

deposition that Boursiquot prepared her 2018 and 2019 federal tax returns and charged her a $500 fee. (Dep. Rochelle Smith, ECF No. 160 16:15-19.) Ms. Janots and Ms. Collins had similar accounts, testifying at their respective depositions that Boursiquot prepared their tax returns for 2018 and 2019. (Dep. Bridget Janots, ECF No. 161 15:18-25, 16:1-2; Dep. Linda Collins, ECF No. 162 10:15-19.) The government conceded that the fifth and sixth individuals, Jona Jackson and Marallis Burgess, stated that Boursiquot did not prepare their federal taxes.

On March 24, 2021, Judge Otazo-Reyes issued a report and recommendation in which she certified the facts recited in the previous paragraph, and found "by clear and convincing evidence, that Boursiquot violated the explicit terms of this Court's August 8, 2018 Permanent Injunction by preparing Ms. Demaio, Ms. Smith, Ms. Janots, and Ms. Collins' 2018 and 2019 federal tax returns." (ECF No. 164 at 5.) Judge Otazo-Reyes recommended that the appropriate sanction for Boursiquot's contemptuous conduct and to deter him from further contemptuous conduct, is the imposition of a $500 fine for each person for whom he prepared the tax returns, resulting in a total fine of $2,000. (*Id.* at 5.) Judge Otazo-Reyes also recommended that the government be awarded its reasonable attorney's fees and costs for the prosecution of the subject motion and the fees related to investigation of Boursiquot's conduct. (*Id.*)

After careful consideration, the Court agrees with Judge Otazo-Reyes finding of civil contempt but disagrees with her recommendation as to sanctions as more fully explained below. The government's motion is granted in part and denied in part. (ECF No. 147.)

## 2. Analysis

In order to prove civil contempt, the petitioner must prove by clear and convincing evidence that either the underlying order, or the court's directives, was violated. *Howard Johnson Co. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir.1990) (citations omitted). The proper focus of the court's inquiry into a civil contempt petition is not the subjective belief or intent of the alleged contemnor, but whether the order was in fact violated. *Id.* at 1516 (citations omitted). "[O]nce the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a 'present inability to comply that goes beyond a mere assertion of inability.' " *Khimani,* 892 F.2d at 1516 (citations omitted); *United States v. Hayes,* 722 F.2d 723, 725 (11th Cir.1984) (citing *Maggio v. Zeitz,* 333 U.S. 56, 74–78, 68 S.Ct. 401, 411–412, 92 L.Ed. 476 (1948)).

Here, the government proved by clear and convincing evidence that Boursiquot violated the permanent injunction. Indeed, there is uncontested evidence that four individuals stated under oath that Boursiquot prepared their tax returns for 2018 and 2019. Accordingly, the burden shifts to Boursiquot to show an inability to comply with this Court's order. Boursiquot's defense was not that he could not comply, rather he argues that he did not violate the Court's order. Although he submitted his own declaration and that of Jona Jackson, he did not submit evidence to discredit the sworn statements of four individuals. Accordingly, the report is adopted in this regard and the Court finds Mr. Boursiquot in civil contempt.

Next, the Court must determine what sanction is appropriate under the circumstances. After careful consideration, the Court finds that Judge Otazo-Reyes erred in imposing a $2,000 fee *in addition* to attorney's and investigation fees. The $2,000 fee constitutes a punitive sanction for which Boursiquot has not been afforded the necessary due process.

"Sanctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *In re McLean*, 794 F.3d 1313, 1323 (11th Cir. 2015) (quoting *F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir.2013)). By contrast, punitive sanctions are only intended to punish, and it is immaterial whether the contemnor is in compliance at the time the sanctions are imposed. *In re McLean*, 794 F.3d at 1323. "Because punitive sanctions are for offenses already completed, they take on the character of criminal punishment and render the contempt criminal in nature." *Id.* Moreover, whether the award is coercive or punitive determines the due process requirements the court owes to the contemnor. "At most, due process requires only 'skeletal' protections in civil contempt proceedings: a show-cause order providing notice and a hearing in which the alleged contemnor, who may be represented by counsel, can introduce evidence rebutting the allegation of contempt and testify on its own behalf. *Id.* at 1324. On the other hand, criminal contempt "is a crime in the ordinary sense, and so due process requires more stringent protections in criminal contempt proceedings." *Id.* An alleged contemnor must also be presumed innocent, proved guilty beyond a reasonable doubt and afforded a jury trial for serious contempt. *Id.*

In her report, Judge Otazo-Reyes recommends the imposition of a $2,000 fine "for Boursiquot's contemptuous conduct, and to deter him from further contemptuous conduct." (ECF No. 164 at 5.) However, that is not the question in a civil contempt case. Instead, the inquiry is what sanction will coerce Boursiquot to comply with the permanent injunction and compensate the

government? First, there is no evidence that Boursiquot is currently in violation of the permanent injunction. Indeed, the government adduced no evidence that Boursiquot intends to prepare 2020 taxes for other persons in 2021. Because there is no need for a coercive fee, the fee takes on the nature of a punitive sanction for which Boursiquot has not received the necessary due process. Accordingly, the recommendation is rejected on this point.

The Court agrees with Judge Otazo-Reyes, however, that a sanction is necessary to compensate the government for its efforts investigating Boursiquot and pursuing this motion. The Court finds that fees and costs connected to the investigation and the prosecution of the motion are fair and sufficient to deter the Defendant from further contemptuous conduct. Accordingly, the report is adopted on this ground. By **June 11, 2021**, and after meaningful conferral, the government is directed to file an application for reasonable fees and costs in accordance with S.D. Fla. L.R. 7.3.

### 3. Conclusion

For these reasons, the government's motion is **granted in part and denied in part**. **(ECF No. 147.)** The Court adopts Judge Otazo-Reyes's recommendations in so far as she finds civil contempt and recommends an award of reasonable attorney's fees and costs and investigation costs.

**Done and ordered**, at Miami, Florida, on May 27, 2021.

Robert N. Scola, Jr.
United States District Judge