UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60550-CIV-SCOLA/OTAZO-REYES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEAN-PHILIPPE BOURSIQUOT, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the United States' Application for Reasonable Fees and Costs (hereafter, "Application") [D.E. 166]. The Application has been filed pursuant to the Court's decision to award the United States its reasonable attorneys' fees and costs incurred in its investigation of Defendant Jean-Phillipe Boursiquot's ("Boursiquot") conduct and prosecution of its Motion for Contempt [D.E. 147]. See Report and Recommendation and Certification of Facts Constituting Contempt [D.E. 164]; Order Adopting in Part Report and Recommendations (hereafter, "Order") [D.E.165 at 5].

In its Application, the United States requests "$1,487.53 in attorney's fees and $2,477.85 in costs, as well as $10,846.56 in costs associated with investigating Boursiquot's violation of the Court's permanent injunction." See Application [D.E. 166 at 1].

In his Response in Opposition to Motion ("Response"), Boursiquot does not challenge the reasonableness of this request but states that he "cannot afford to pay the fees and costs in a lump sum and asks this court to allow him a modest installment payment arrangement." See Response [D.E. 170 at 1].

In its Reply, the United States proposes the following payment plan for Boursiquot: "payment of $1,000 per month until the entire judgment, along with post-judgment interest, is paid." See Reply [D.E. 171 at 5].

Having reviewed the Application, Response and Reply, and applying her own knowledge and expertise, the undersigned finds the request and proposed payment plan to be reasonable. See Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC, 2012 WL 13102412, at *4 (M.D. Fla. 2012) ("[T]he Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended.") (citing Norman v. Housing Auth. of the City Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that the Application [D.E. 166] be GRANTED as follows:

(1) The United States be AWARDED the total sum of $14,811.94 as reasonable attorneys' fees and costs incurred in its investigation of Boursiquot's conduct and prosecution of its Motion for Contempt.

(2) A fees and costs judgment in the amount of **$14,811.94,** plus post-judgment interest pursuant to 28 U.S.C. § 1961, be ENTERED in favor of the United States and against Boursiquot.

(3) Boursiquot be permitted to pay the judgment amount in monthly installments of **$1,000** starting on the first day of the month after judgment is entered, until the entire amount, including post-judgment interest, is paid in full.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert

N. Scola, Jr., United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

      RESPECTFULLY SUBMITTED in Miami, Florida on this 10th day of September, 2021.

                                                ALICIA M. OTAZO-REYES
                                                UNITED STATES MAGISTRATE JUDGE

cc:      United States District Judge Robert N. Scola, Jr.
           Counsel of Record