UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEAN-PHILIPPE BOURSIQUOT, B&C ROYALTY MULTI-SERVICE INC., ROBERTON BOURSIQUOT, and RBS FLAMBOYANT SOLUTIONS INC.,<br><br>　　　　Defendants. | Case No. 0:17-cv-60550-RNS<br><br>District Judge Robert N. Scola, Jr.<br>Magistrate Judge Alicia M. Otazo-Reyes |

**AMENDED REPORT AND RECOMMENDATION
AND CERTIFICATION OF FACTS CONSTITUTING CONTEMPT**

On May 14, 2023, the Plaintiff, United States of America, filed the instant motion, *ECF No. 174*, requesting an order requiring the Defendant Jean-Philippe Boursiquot ("Defendant" or "Mr. Boursiquot") to appear in person and show cause why he should not be held in contempt for his failure to pay the $14,811.94 sanction (hereinafter "2021 contempt sanction") imposed upon him by orders, *ECF No. 164-165, 172-173,* entered on May 28, 2021, and October 20, 2021. On May 18, 2023, Robert N. Scola, United States District Judge, referred this motion to the undersigned pursuant to 28 U.S.C. § 636. The undersigned scheduled a show-cause hearing on August 30, 2023, but Mr. Boursiquot failed to appear. For the reasons stated below, the undersigned respectfully recommends granting the contempt motion and imposing the contempt sanctions described herein.

## BACKGROUND FACTS

1. On March 16, 2017, the United States filed this lawsuit against Jean-Philippe Boursiquot, his corporation, B&C Royalty Multi-Service, Roberton Boursiquot, and his corporation, RBS Flamboyant Solutions. *ECF No. 1*.

2. The government's complaint, *ECF No. 1*, alleged, in short, as follows:

   - From 2011 through 2017, Jean-Philippe Boursiquot and his brother, Roberton Boursiquot, were in the business of preparing federal income tax returns.

   - Jean-Philippe and Roberton, individually and through their corporations and employees, consistently and repeatedly prepared income tax returns containing sham entries that artificially increased their customers' income tax refunds.

   - Jean-Philippe and Roberton charged exorbitant amounts for preparing these fraudulent returns by retaining a substantial portion of each customer's inflated refund as their preparer fee.

   - Jean-Philippe and Roberton masked their unlawful activities by focusing their scam on individuals with limited knowledge of tax matters to whom they provided minimal or false documentation pertaining to the tax returns filed on their behalf.

3. Based upon the foregoing allegations, the government's complaint, *ECF No. 1,* requested a judgment finding and directing as follows:

   - permanently enjoining Jean-Philippe Boursiquot and Roberton Boursiquot from directly or indirectly engaging in or otherwise profiting from the business of preparing federal tax returns.

   - ordering Jean-Philippe and Roberton to disgorge (pay over) the fees generated by their preparer scams to the United States.

4. On August 8, 2018, this Court rendered judgments permanently enjoining Jean-Philippe and Roberton Boursiquot from preparing returns for others and ordering them to disgorge

the ill-gotten fees they received from their illicit practices, $250,000 for Jean-Philippe and $100,000 for Roberton. *ECF No. 141-142*.

5.   During the seventeen months of litigation between the complaint and final judgments in this case, *ECF No. 1-145*, the United States brought five discovery motions against the Defendants, filed on August 30, 2017*;* on November 13, 2017; on February 1, 2018; on April 27, 2018; and on May 16, 2018. *ECF No. 24, 30-31, 52, 54, 87, 101.* These motions resulted in three orders compelling discovery responses by the Defendants, issued on September 18, 2017; on January 18, 2018; and on March 8, 2018. *ECF No. 26, 43, 76.* They also resulted in two orders imposing discovery sanctions upon the Defendants, issued on April 4, 2018; and on May 2, 2018. *ECF No 82-83, 90.*

6.   In the midst of these discovery disputes, the Defendants switched attorneys three times, a process that triggered three motions to withdraw by defense counsel, all contested by the United States. *ECF No. 6, 53, 71, 74-75, 78, 85, 91, 95, 99, 113*.

7.   Jean-Philippe Boursiquot has not paid the $250,000 disgorgement judgment, *ECF No. 141*, entered against him in August 2018. *ECF No. 174-1, Declaration of Counsel for the United States, (hereinafter "Counsel Declaration") at paras. 3-5*. The full amount, plus accrued interest, remains outstanding. *Ibid*.

8.   Nor did Jean-Philippe Boursiquot abide by the permanent injunction, *ECF No. 141*, entered against him in August 2018. *ECF No. 147, 164-165, 172-173*.

9   On November 19, 2020, the United States filed a motion, *ECF No. 147,* requesting an order requiring Jean-Philippe Boursiquot to show cause why he should not be found in contempt of the permanent injunction. The motion alleged, in pertinent part, as follows:

- Mr. Boursiquot continued to prepare federal tax returns for others in 2019 and in 2020, during the income-tax filing seasons for tax years 2018 and 2019, violating the permanent injunction. *ECF No. 147*.

- Mr. Boursiquot attempted to conceal his contempt by conducting his preparer business through another firm, G&E Global Services, under the owner's Preparer Tax Identification Number ("PTIN"), and by receiving his preparer fees from G&E Global in cash. *ECF No. 147*.

10. By orders entered on May 28, 2021, *ECF No. 164-165*, and October 20, 2021, *ECF No. 172-173*, this Court

- found, upon the clear and convincing evidence presented by the United States, that Jean-Philippe Boursiquot continued to prepare tax returns for others after August 9, 2018, in violation of the permanent injunction, *ECF No. 164-165;* and .

- ordered Mr. Boursiquot to pay the United States, as a sanction for his contempt, the sum of $14,811.94 to reimburse the government for some of the costs and attorney fees it incurred to discover and prove Mr. Boursiquot's contempt, *ECF No. 164-165, 172-173*.

11. Jean-Philippe Boursiquot responded to the government's statement of costs, *ECF No. 166,* on August 3, 2021, by requesting an order permitting him to pay the $14,811.94 itemized in the statement by periodic installments, rather than a lump sum:

> Defendant cannot afford to pay the fees and costs in a lump sum, and asks this court to allow him a modest installment payment arrangement. He was unemployed in 2020, and is now a truck driver. He contributes to the costs associated with the maintenance and support of his four children.

*ECF No. 170 at p. 1.* Mr. Boursiquot did not propose a specific installment amount or frequency, and he did not offer records supporting his representations, quoted above, about his financial situation. *ECF No. 170.* In its reply to Mr. Boursiquot's response, the United States indicated that it would not object to an installment plan of $1,000 per month. *ECF No. 171 at p. 4.*

12. The Court's order issued on October 20, 2021, granted Jean-Philippe Boursiquot's request for an installment plan by permitting him to pay the $14,811.94 contempt sanction in installments of $1,000 per month commencing on November 1, 2021. *ECF No. 172-173*. Specifically, the Court's order states as follows:

> The Government shall recover from Boursiquot an award of attorney's fees and costs in the amount of **$14,811.94**, plus interest at the legal rate pursuant to 28 U.S.C. § 1961. Consistent with the parties' agreement and [Magistrate] Judge Otazo-Reyes's recommendation, Boursiquot shall make monthly payments in the amount of $1,000 until the amount due, plus interest, is paid in full. Payments shall be made on the first day of the month commencing on **November 1, 2021**.

*ECF No. 173 at p. 1. (emphasis in original).*

> The Court notes that Boursiquot did not oppose the Government's application and requested only that the Court enter a payment plan. The Government agreed to accept payment in monthly installments of $1,000.

*ECF No. 173 at p. 1 n.2. (citations omitted).*

13. Despite the Court's order permitting him to pay the 2021 contempt sanction in monthly installments, Jean-Philippe Boursiquot has not made any payments to the United States toward the sanction, and thus, the full amount of the 2021 contempt sanction, plus accrued interest, remains outstanding. *ECF No. 174-1, Counsel Declaration at paras. 3-5.*

14. At no time between November 2, 2021 (the day after the first installment was due) and September 1, 2022, did Jean-Philippe Boursiquot or his attorney contact counsel for the United States to advise that Mr. Boursiquot could not comply with the installment order or to otherwise discuss Mr. Boursiquot's failure to make the payments required by the installment order. *ECF No. 174-1, Counsel Declaration at para. 6*

15. On September 2, 2022, counsel for the United States, Elizabeth Duncan, wrote Jean-Philippe Boursiquot's counsel, Ira Zuckerman, *ECF No. 174-1, Counsel Declaration at para. 7,* and requested:

- full payment of the 2021 contempt sanction within 21 days. *Ibid.*

- if Mr. Boursiquot contends that he lacks the funds to pay the 2021 contempt sanction in full, copies of his income tax returns for the last 5 years with a completed and signed Form 433-A Collection Information Statement, itemizing his assets, liabilities, monthly income, and monthly living expenses. *Ibid.*

16. Ira Zuckerman responded to the United States' request by asserting that Jean-Philippe Boursiquot is destitute and unable to pay any amount toward his 2021 contempt sanction, without providing any tax returns or financial disclosures to support this assertion. *ECF No. 174-1, Counsel Declaration at paras. 9-11.* .

17. As mentioned above, on May 14, 2023, the United States filed the instant contempt motion. *ECF No. 174.*

18. On May 31, 2023, the undersigned scheduled the contempt motion for a hearing on June 13, 2023. *ECF No. 176.*

19. On June 1, 2023, through his attorney, Ira Zuckerman, Jean-Philippe Boursiquot filed a response to the government's contempt motion. *ECF No. 177.* In this response, Mr. Boursiquot admits that he has not made any payments toward his 2021 contempt sanction. *Ibid.* He explains the reasons for this failure as follows:

> As grounds for his failure to make such payments, Defendant, Jean-Philippe Boursiquot States, as follows: he is destitute, he is unemployed, and has been for most of the last 3 years. He has no home or apartment, but is living with his mother. He has had little or no income during this period, except for work as a truck driver for part of 2021. He could no longer work as a truck driver, finding the work dangerous and stressful, being physically and emotionally too demanding.
>
> Defendant requests that the Court cancel the scheduled hearing on June 13, 2023, due to the fact that he has no car, his mother has no car, and the only way he could get to the courthouse in Miami would be to ask a friend to drive him, which he is afraid he could not rely on. Defendant is very sorry that he can't make payments but he has no income. He has been unable to contribute to the costs of supporting his children. There is no Family Court proceedings against him because of the mothers' belief in his inability to support the children.

*Ibid.*

20. On June 14, 2023, Attorney Ira Zuckerman moved to withdraw as counsel for Jean-Philippe Boursiquot, *ECF No. 179*, due to health problems prompting him to eliminate litigation from his practice.

21. On July 12, 2023, the undersigned entered an order (a) granting Attorney Ira Zuckerman's motion to withdraw and (b) informing Jean-Philippe Boursiquot that the Court will consider him to be proceeding pro se unless replacement counsel appears on his behalf within 20 days. *ECF No. 182*.

22. On August 8, 2023, the undersigned entered an order finding that Jean-Philippe Boursiquot is proceeding pro se. *ECF No. 183*  This order also directed Mr. Boursiquot to appear in person before the Court on August 30, 2023, for a show-cause hearing on the United States' contempt motion:

> It is further
> ORDERED AND ADJUDGED that Defendant Jean-Philippe Boursiquot SHALL APPEAR in person before the undersigned at the C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, 10th Floor, Miami, Florida, 33128, on **Wednesday, August 30, 2023, at 10:30 A.M.** to show cause why Plaintiff's Motion for Contempt [D.E. 174] should not be granted and why he should not be held in further contempt for his failure to comply with the Court's Order [D.E. 173].

*ECF No. 183 at p. 2*.

23. Jean-Philippe Boursiquot did not appear for the hearing scheduled on August 30, 2023. *ECF No. 184*.  He did not contact the Court on or after August 8, 2023, when the August 30, 2023, hearing was scheduled, to request an alternative hearing date or to advise the Court that he could not appear at the scheduled hearing. *Ibid.*

## CERTIFICATION OF FACTS ESTABLISHING CONTEMPT

The undersigned finds the following facts relevant to the Plaintiff's contempt motion, *ECF No. 174,* based upon clear and convincing evidence:

1. Jean-Philippe Boursiquot violated the Court's 2021 contempt sanction, *ECF No. 164-165, 172-173,* by failing to pay any amount toward the $14,811.94 sanction. The records of the Tax Division show that no payments were made. *ECF No. 174-1, Counsel Declaration.* Mr. Boursiquot admits that no payments were made in his response to the instant motion. *ECF No. 174.*

2. Jean-Philippe Boursiquot did not offer any evidence that does (or may) excuse his violation of the 2021 contempt sanction because he failed to appear at the show cause hearing.

The foregoing facts are certified to Robert N. Scola, Jr., United States District Judge, pursuant to 28 U.S.C. § 636(e).

## FINDING OF CONTEMPT AND RECOMMENDED SANCTIONS

Based upon the foregoing facts, the undersigned finds that Jean-Philippe Boursiquot is in contempt of the orders, *164-165, 172-173,* imposing his 2021 contempt sanction. The undersigned recommends the following civil sanctions for Mr. Boursiquot's latest contempt:

a. An award to the United States for the reasonable attorney fees and costs it incurred to investigate Mr. Boursiquot's contempt and to prosecute the instant motion.

b. An order directing Mr. Boursiquot to make monthly payments of $1,000 on the first of each month, toward the $14,811.94 contempt sanction, and costs incurred by the United states to prosecute this motion, until the balance, plus interest, is paid in full.

  c. A penalty of $100 per day shall accrue for each day that a monthly payment is late to a maximum penalty of $1,400 for 14 days.

  e. If any monthly payment is late by more than 14 days, the United States may request a bench warrant for Mr. Boursiquot's arrest and incarceration. The incarceration shall continue until Mr. Boursiquot pays in full all daily penalties that are due at the time of his incarceration and all monthly payments that are (or become) past due during his incarceration.

  Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. <u>See</u> <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

  RESPECTFULLY SUBMITTED in Miami, Florida on September 14, 2023.

_____
Alicia M. Otazo-Reyes
United States Magistrate Judge

cc: United States District Judge Robert N. Scola, Jr.

  Counsel of Record

  Jean-Philippe Boursiquot
  5568 SW 7th Court
  Margate, FL 33068