United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-60550-Civ-Scola |
| | ) | |
| Jean-Philippe Boursiquot and | ) | |
| others, Defendants. | ) | |

### Order Adopting Magistrate Judge's Report and Recommendations Regarding Sanctions

This matter was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a report and recommendations on the Plaintiff, the United States of America's ("United States") motion for an order to show cause why the Defendant, Jean-Philippe Boursiquot should not be held in contempt for failing to pay his previous contempt sanction. (ECF No. 174.) On September 14, 2023, Judge Otazo-Reyes issued a report, recommending that the Court grant the motion and impose the contempt sanctions described therein. (ECF No. 187.) No objections have been filed and the time to object has passed. Having considered Judge Otazo-Reyes's report, the record, and the relevant legal authorities, this Court **adopts in part and declines to adopt in part** the report and recommendations. (**ECF No. 187**.)

A district court judge need conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting de novo review provided no plain error exists. *E.g.*, *id.*; *Menendez v. Naples Cmty. Hosp., Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

Here, while the Court agrees with Judge Otazo-Reyes's recommendation that the United States' contempt motion should be granted, it disagrees with her recommendation as to specific contempt sanctions that should be imposed. Specifically, because the instant matter concerns a civil contempt proceeding, the Court deems it appropriate to impose sanctions more tailored to coercing Mr. Boursiquot to comply with the Court's orders and to compensating the United States for the damages caused by the contempt at issue. *See, e.g.*, *In re McLean*, 794 F.3d 1313, 1323 (11th Cir. 2015); *FTC v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013). Thus, since it is unclear at this time whether Mr. Boursiquot has the

ability to pay the monetary sanctions recommended in Judge Otazo-Reyes's report, the Court modifies those recommendations slightly, as set forth below.

Accordingly, the Court **grants** the United States' motion for an order to show cause why the Defendant, Jean-Philippe Boursiquot should not be held in contempt for failing to pay his previous contempt sanction. (**ECF No. 174**.) Consistent with Judge Otazo-Reyes's report, the Court finds that Mr. Boursiquot is in contempt of this Court's orders imposing his 2021 contempt sanction. (*See* ECF Nos. 164-165, 172-173.) The Court thus imposes the following **civil sanctions** for Mr. Boursiquot's latest contempt:

a. The United States is **awarded** the reasonable attorney fees and costs it incurred to investigate Mr. Boursiquot's contempt and to prosecute the instant motion. By **October 16, 2023**, the United States must file a motion that sets forth in detail said fees and costs and that is supported by adequate documentation.

b. Mr. Boursiquot is **directed** to **either** (i) make monthly payments of $1,000 on the first of each month, toward the $14,811.94 contempt sanction *and* costs incurred by the United States to prosecute this motion, until the balance, plus interest, is paid in full **or** (ii) submit to the Court a financial affidavit, with appropriate supporting documentation, the sets forth why he is not able to pay the foregoing amounts. Mr. Boursiquot's financial affidavit must be submitted within **fourteen (14) days** of the United States' submission to the Court of proof that he has been served with the instant order.

c. If Mr. Boursiquot fails to comply with both of the foregoing directions, the United States may request a bench warrant for Mr. Boursiquot's arrest and incarceration. The United States' request must be supported by evidence that Mr. Boursiquot has not complied with the Court's directions despite **either** (i) having the financial means to pay the monetary sanction imposed **or** (ii) having the ability to submit the financial affidavit described. The incarceration shall continue until Mr. Boursiquot **either** (i) pays in full all amounts that are due at the time of his incarceration and all monthly payments that are (or become) past due during his incarceration **or** (ii) submits the financial affidavit described, setting forth why he is not able to pay the foregoing amounts.

Finally, the Court directs the United States to **serve a copy of this order** on Mr. Boursiquot and to submit a notice of compliance to the Court after the United States has done so.

**Done and ordered** in Miami, Florida, on October 2, 2023.

_____
Robert N. Scola, Jr.
United States District Judge